UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 13-7001 |
| LHC, LLC, an Illinois limited liability company, | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | |
| Debtor. | ) | |

**NOTICE OF MOTION - FIRST AND FINAL APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION AND AUTHORIZATION TO APPLY RETAINER**

To:   See Attached Service List

PLEASE TAKE NOTICE that on **Tuesday, January 16, 2018 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling or any other judge sitting in his stead in Courtroom 619 in the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **FIRST AND FINAL APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION AND AUTHORIZATION TO APPLY RETAINER**, a copy of which is hereby served upon you.

Dated: December 19, 2017

NIXON PEABODY LLP AS SUCCESSOR TO
UNGARETTI & HARRIS LLP

/s/ R. Scott Alsterda
One of its attorneys

R. Scott Alsterda (# 3126771)
Nixon Peabody LLP
70 West Madison Street, Suite 3500
Chicago, Illinois 60602
(312) 977-9203 (Tel.)
(312) 977-4405 (Fax)
Email: rsalsterda@nixonpeabody.com

*Special Counsel for the Debtor*

4819-3302-1517.1

## CERTIFICATE OF SERVICE

    I, the undersigned attorney, hereby certify that on December 19, 2017, I electronically filed the **NOTICE OF MOTION** and **FIRST AND FINAL APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION AND AUTHORIZATION TO APPLY RETAINER** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following individuals:

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604-2027

| | | |
|---|---|---|
| **Jeffrey C Dan**<br>Crane Heyman Simon Welch & Clar<br>135 S. LaSalle St., Ste., 3705<br>Chicago, IL 60603<br>312-641-6777<br>312-641-7114 (fax)<br>jdan@craneheyman.com | representing | **LHC, LLC**<br>801 Wesemann Drive<br>Dundee, IL 60118<br>*(Debtor 1)* |
| **Michael J. Davis**<br>DLG Law Group LLC<br>2777 Finley Rd., Suite 12<br>Downers Grove, IL 60515<br>630-915-3999<br>303-758-5501 (fax)<br>mdavis@dlglaw.net | representing | **Club Sports Consulting Group, Inc.**<br>3701 Pin Oak<br>Lisle, IL 60532<br>*(Creditor)* |
| **Michael L. Gesas**<br>**Kevin H. Morse**<br>Saul Ewing Arnstein & Lehr LLP<br>161 North Clark Street, Suite 4200<br>Chicago, IL 60601<br>312-876-7125<br>312-876-6260 (fax)<br>michael.gesas@saul.com;<br>evin.morse@saul.com | representing | **Leafs Hockey Club, Inc.**<br>*(Interested Party)* |

1

| | | |
|---|---|---|
| **Nathan F Coco**<br>**Miles W Hughes**<br>**James Kapp**<br>**Jeffrey A Rossman**<br>**William P Smith**<br>McDermott Will & Emery LLP<br>227 West Monroe Street, Suite 4400<br>Chicago, IL 60606<br>312-984-6914<br>312-984-7700 (fax)<br>ncoco@mwe.com; mwhughes@mwe.com;<br>jkapp@mwe.com; jrossman@mwe.com;<br>wsmith@mwe.com | representing | **Wells Fargo Bank, N.A., as Indenture Trustee**<br>625 Marquette Avenue<br>11th Floor<br>Minneapolis, MN 55479<br>*(Creditor)*<br><br>**UMB Bank, N.A.**<br>120 Sixth Street South, Suite 1400<br>Minneapolis, MN 55402<br>virginia.housum@umb.com<br>*(Successor Trustee)* |
| **Scott M Levin**<br>Howard & Howard Attorneys PLLC<br>200 South Michigan Ave., Suite 1100<br>Chicago, IL 60604-2461<br>312-456-3418<br>312-939-5617 (fax)<br>slevin@howardandhoward.com | representing | **Team Illinois Hockey Club**<br>c/o Marc A. Kapsalis, Reg. Ag't<br>105 S. York Street, Suite 410<br>Elmhurst, IL 60126<br>United States of America<br>630-915-2885<br>mkapsalis@comcast.net<br>*(Petitioning Creditor)* |
| **Floyd D Perkins**<br>Ungaretti & Harris<br>3500 Three First National Plaza<br>Chicago, IL 60602-4283<br>312-977-4400 | representing | **LHC, LLC**<br>801 Wesemann Drive<br>Dundee, IL 60118<br>*(Debtor 1)* |
| **Ungaretti & Harris** | representing | **LHC, LLC**<br>801 Wesemann Drive<br>Dundee, IL 60118<br>*(Debtor 1)* |
| **Brian P Welch**<br>**David K Welch**<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 N. Wabash, 21st Floor<br>Chicago, IL 60611<br>312-840-7000<br>bwelch@burkelaw.com<br>dwelch@craneheyman.com | representing | **LHC, LLC**<br>801 Wesemann Drive<br>Dundee, IL 60118<br>*(Debtor 1)*<br><br>**Jeffrey D. Warren**<br>*(Spec. Counsel)* |

and I hereby further certify that on December 19, 2017, I caused to be sent by first class U.S. mail the **NOTICE OF MOTION** and **FIRST AND FINAL APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION AND AUTHORIZATION TO APPLY RETAINER** to the following non-registered individuals by depositing envelopes in the mailboxes located at 70 W. Madison, Chicago, Illinois before the hour of 5:00 p.m.:

2

| | |
|---|---|
| Club Sports Consulting Group, Inc.<br>3701 Pin Oak<br>Lisle, IL 60532-0806 | Barrington Transportation Co. Inc<br>315 South Hager Ave<br>Barrington, IL 60010-4191 |
| LHC, LLC<br>801 Wesemann Drive<br>Dundee, IL 60118-9403 | Becker Arena Products, Inc<br>6611 West Hwy 13<br>Savage, MN 55378-1100 |
| Quarles & Brady LLP<br>300 North LaSalle Street, Suite 4000<br>Chicago, IL 60654-5427 | Brandino Corporation<br>1879 North Neltnor Blvd., #323<br>West Chicago, IL 60185-5932 |
| Team Illinois Hockey Club<br>c/o Marc A. Kapsalis, Reg. Ag't<br>105 S. York Street, Suite 410<br>Elmhurst, IL 60126-3444 | CSCG, Inc.<br>3701 Pin Oak<br>Lisle, IL 60532-0806 |
| UMB Bank, N.A.<br>120 Sixth Street South, Suite 1400<br>Minneapolis, MN 55402-1807 | Canon Solutions America, Inc<br>15004 Collections Center Dr.,<br>Chicago, IL 60693-0150 |
| Wells Fargo Bank, N.A.,<br>  as Indenture Trustee<br>625 Marquette Avenue, 11th Floor<br>Minneapolis, MN 55479-0001 | Chubb & Son<br>PO Box 382001<br>Pittsburgh, PA 15250-8001 |
| AQ Technologies, Inc.<br>29 N. Wacker Dr., Ste. 250<br>Chicago, IL 60606-3208 | Cintas Corp #355<br>5100 26th Ave.<br>Rockford, IL 61109-1792 |
| AT&T<br>PO Box 8102<br>Aurora, IL 60507-8102 | Club Sports Consulting Group Inc.<br>3701 Pin Oak St.<br>Lisle, IL 60532-0806 |
| Affirmed Medical<br>Service of Illinois<br>773 Tipperary<br>Gilberts, IL 60136-8905 | ComEd<br>Payment Processing<br>PO Box 6111<br>Carol Stream, IL 60197-6111 |
| Alarm Detection Systems, Inc<br>1111 Church Road<br>Aurora, IL 60505-1905 | Commonwealth Edison Co<br>3 Lincoln Center<br>Attn: Bankruptcy Section<br>Oakbrook Terrace, IL 60181 |
| Anderson Lock<br>PO Box 2294<br>Des Plaines, IL 60017-2294 | Country Gas Company<br>4010 Highway 14<br>Crystal Lake, IL 60014-8299 |
| Atlas Companies<br>505 N River Rd<br>Schiller Park, IL 60176 | D.C. Landscaping & Snow Services<br>27W250 St. Charles Rd<br>West Chicago, IL 60185-1763 |

| | |
|---|---|
| Department of the Treasury<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Jorson & Carlson<br>501 Pratt Blvd.<br>PO Box 796<br>Elk Grove Village, IL 60009-0796 |
| Dessertfull Bakery<br>1961 Huntley Rd.<br>Dundee, IL 60118-9301 | Kane County Tax Collector<br>Dundee, IL 60118 |
| Fairfeld Facilities Management<br>8022 Lincoln Ave.<br>Skokie, IL 60077-3610 | Laurx Design<br>6219 Shenandoah Dr.<br>Crystal Lake, IL 60012-1712 |
| Floyd Perkins, Esq.<br>Ungaretti & Harris<br>70 W. Madison St., Ste 3500<br>Chicago IL 60602-4283 | Leafs Hockey Club, Inc.<br>801 Wesemann Drive<br>West Dundee, IL 60118-9403 |
| Green Scene<br>3515 Stern Dr.<br>Saint Charles, IL 60174-5407 | Leafs Hockey Club, Inc.<br>c/o Avidan J. Stern<br>150 S. Wacker Drive, #2600<br>Chicago, IL 60606-4202 |
| Greenberg Traurig<br>77 W. Wacker Dr.<br>Chicago, IL 60601-1643 | Lechner and Sons<br>420 Kingston Ct.<br>Mount Prospect, IL 60056-6068 |
| Huntley Park District<br>12015 Mill St.<br>Huntley, IL 60142-7363 | Logsdon Office Supply<br>1055 Arthur<br>Elk Grove Village, IL 60007-5218 |
| IGS Energy<br>(Interstate Gas Supply Inc.)<br>6100 Emerald Pkwy<br>Dublin, OH 43016-3248 | Masonwerks, Inc.<br>c/o Thomas J. Morgan<br>6201 W. Touhy, #209<br>Chicago, IL 60646-1100 |
| Internal Revenue Service<br>Mail Stop 5014CHI<br>230 S. Dearborn Street, Room 2600<br>Chicago, Illinois 60604-1705 | Muzak<br>PO Box 71070<br>Charlotte, NC 28272-1070 |
| Interstate Gas Supply, Inc.<br>2560 Momentum Place<br>Chicago, IL 60689-5325 | Oaklee's Family Guide<br>318 Half Day Rd.<br>Buffalo Grove, IL 60089-6547 |
| Jerry's Pro Shop, Inc.<br>501 Morse Ave., Unit #G<br>Schaumburg, IL 60193-4586 | Oakview, LLC<br>c/o Patrick J. Enright<br>10 S. LaSalle St., Suite 2900<br>Chicago, IL 60603-1055 |
| John Deere Landscapes, Inc.<br>c/o Gregory R. Noe<br>One John Deere Place<br>Moline, IL 61265-8010 | RMC, Inc.<br>Julie Bromley c/o RMC, Inc.<br>234 James Street<br>Bensenville, IL 60106 |

4

| | |
|---|---|
| Team Illinois<br>PO Box 1057<br>Lake Zurich, IL 60047-1057 | Wells Fargo Bank, N.A.,<br>Miles W Hughes<br>Jeffrey A Rossman<br>William Smith<br>McDermott Will & Emery LLP<br>227 West Monroe Street<br>Chicago, IL 60606 |
| UMB Bank NA<br>Wells Fargo Bank, N.A.<br>120 Sixth Street South Suite 1400<br>Minneapolis, MN 55402 | |
| Unique Plumbing<br>9408 W 47th St<br>Brookfield, IL 60513-2281 | Wristbands Medtech USA, Inc.<br>PO Box #402389<br>Atlanta, GA 30384-2389 |
| WW Grainger Inc<br>Attn: Special Collections Dept<br>WW Grainger Inc, MES178871972063<br>7300 N Melvina<br>Niles, IL 60714-3906 | Brian P Welch<br>David K Welch<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 N. Wabash, 21st Floor<br>Chicago, IL 60611-3586 |
| Wells Fargo Bank, N.A as Indenture Trustee c/o William P Smith & James W Kapp III<br>McDermott Will & Emery LLP<br>227 West Monroe St.,<br>Chicago, IL 60606 | Jeffrey C Dan<br>Crane Heyman Simon Welch & Clar<br>135 S LaSalle St Ste 3705<br>Chicago, IL 60603-4101 |
| Wells Fargo Bank, N.A.<br>WF 8113<br>PO Box 1450<br>Minneapolis, MN 55485-1450 | Scott Bremer<br>Quarles & Brady LLP<br>300 North LaSalle Street<br>Suite 4000<br>Chicago, IL 60654-5427 |

/s/ R. Scott Alsterda

5

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re  LHC, LLC, an Illinois limited liability company,  )
)
)  Bankruptcy No. ____13-7001____
)
Debtor.  )  Chapter ____11____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: ____Nixon Peabody LLP as Successor to Ungaretti & Harris LLP____

Authorized to Provide Professional Services to: ____LHC, LLC____

Date of Order Authorizing Employment: ____April 23, 2013 [Dkt. 74] retroactive to March 15, 2013____

Period for Which Compensation is Sought:
From ____March 15____, ____2013____ through ____January 27____, ____2014____

Amount of Fees Sought: $ 24,678.75

Amount of Expense Reimbursement Sought: $ 0.00

This is an:   Interim Application _____   Final Application ✔

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: ____December 19, 2017____     ____/s/ R. Scott Alsterda____
(Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case 13-7001 |
| LHC, LLC, an Illinois limited liability company, | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | |
| Debtor. | ) | |

**FIRST AND FINAL APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION AND AUTHORIZATION TO APPLY RETAINER**

Nixon Peabody LLP ("NP") in its capacity as former special counsel for LHC, LLC (the "Debtor") submits this first and final application for the allowance of compensation pursuant to 11 U.S.C. §330, Bankruptcy Rule 2016 and Local Rule 5082-1 (the "Application"). In support of its Application, NP states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C §§157 and 1334.

2. The matters under consideration in this Application are core proceedings pursuant to 28 U.S.C. §157(b)(2)(A)(M) and (O).

3. Venue for this proceeding is proper in this Court pursuant to 28 U.S.C. §§1409 and 1410.

4. This statutory predicates for the relief sought in this Application are 11 U.S.C. §§105 and 330, Bankruptcy Rule 2016 and Local Rule 5082-1.

**BACKGROUND**

5. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 25, 2013 (the "Petition Date") [Dkt. 1].

1

4847-5129-5064.1

6. The Debtor was an Illinois Limited Liability Company that was formerly located at 801 Wesemann Drive, West Dundee, Illinois.

7. On the Petition Date, the Debtor owned and operated a multiple sheet ice rink facility commonly known as the "Leafs Ice Centre" (the "Rink").

8. The Debtor originally constructed the Rink in 2007 with proceeds realized from the sale of Sports Facility Revenue Bonds that were loaned to the Debtor by the Illinois Finance Authority (the "Authority") pursuant to a series of loan documents executed by the Authority, the Debtor and Leafs Hockey Club, Inc. (the "Club"). Pursuant to the provisions of an Indenture Agreement, the Authority pledged and assigned to Wells Fargo Bank, N.A. ("Wells Fargo") as security for the bonds, all of the Authority's right, title and interest in and to the loan documents and all amounts due thereunder.

9. On or about December 28, 2012, Wells Fargo in its capacity as bond trustee (the "Lender") commenced a foreclosure against the Debtor and certain other parties related to the Rink (the "Foreclosure").

10. In the Foreclosure, the Lender also sought the appointment of a receiver for the Debtor's business including the operation of the Rink.

11. The Debtor and the Lender attempted to negotiate a forbearance agreement during the pendency of the Foreclosure, however, the negotiations failed and in order to avoid the appointment of a receiver, the Debtor filed its Chapter 11 case on the Petition Date.

12. During its Chapter 11 case, the Debtor and the Lender negotiated a settlement whereby the Debtor conveyed the Rink to an entity owned and controlled by the Lender. This settlement was approved by this Court on December 18, 2015 and an order was entered on the docket approving the settlement on December 21, 2015 [Dkt. 388].

4847-5129-5064.1

13. On May 2, 2016, the Debtor filed its motion to dismiss its Chapter 11 case [Dkt. 406] and an order was entered by this Court granting the motion to dismiss on May 24, 2016 [Dkt. 415].

14. The Debtor's Chapter 11 case was closed on May 31, 2016 [Dkt. 417].

### DEBTOR'S EMPLOYMENT OF NP AS SPECIAL COUNSEL

15. On April 10, 2013, the Debtor filed its Motion to Employ Special Counsel seeking the entry of an order approving the employment of Ungaretti & Harris LLP ("U&H") as the Debtor's special counsel (the "Employment Motion") [Dkt. 55].

16. The Debtor sought to employ U&H as special counsel with respect to matters involving tax issues relating to a management agreement and a pending real estate tax exemption case concerning the Rink operations.

17. On April 23, 2013, this Court entered an order granting the Employment Motion and the Debtor was authorized to employ U&H as special counsel with compensation subject to further order of court [Dkt. 74]. A copy of the employment order is attached to this Application as Exhibit "A".

### MERGER OF U&H AND NP

18. On February 1, 2015, pursuant to a merger agreement substantially all of the attorneys and employees of U&H resigned and joined NP. NP is the successor in interest to U&H. Substantially all of the assets of U&H including account receivables, unbilled fees and expenses and retainers relating to this case were acquired by NP pursuant to the merger agreement.

### CASE SUMMARY

19. U&H was employed by the Debtor to provide services for two specific matters. The first matter was a pending real estate tax exemption application for the Rink. The second

3

4847-5129-5064.1

matter was to address changes and modification to the Debtor's management agreement so that it satisfied tax exemption requirements under the applicable tax exempt bond law.

## REAL ESTATE TAX EXEMPTION APPLICATION

20. The Debtor's pending real estate exemption application was being handled by different counsel prior to U&H's engagement in this case.

21. The Debtor's prior counsel had failed to timely advise the Debtor that the State of Illinois had formally denied the real estate tax exemption application and that the denial required the filing of a petition for rehearing and a request for an administrative review action within 35 days.

22. Notice of the denial of the real estate tax exemption application was provided to the Debtor and U&H with less than a week remaining in the 35-day period.

23. Upon denial, a request for administrative review on the real estate tax exemption application had to be made by filing an Administrative Review Complaint in the Circuit Court which U&H drafted and timely filed before the expiration of the 35-day period.

24. The petition for a rehearing and review was necessary to ensure that all arguments in support of the application were in the record. The real estate taxes at issue involved several hundreds of thousands of dollars for prior years and it was anticipated that the exemption would also apply to future real estate taxes for the Rink. In addition, an amendment to the Management Agreement was necessary to satisfy the limitations on operations imposed by the tax laws to the Rink's exempt bonds, and to address changes in operations sought by the Debtor to increase profitability.

4

4847-5129-5064.1

25.  U&H provided 49.75 hours of services to the Debtor with a value of approximately $20,443.75 related to the real estate tax exemption application and the petition for a rehearing and review of the real estate tax exemption application.

## MANAGEMENT AGREEMENT

26.  U&H undertook a review of the Debtor's existing management agreement to determine if it was compliant with existing tax exemption bond law.

27.  In addition to reviewing the management agreement and applicable law, U&H conferred with representatives of the Debtor and the management company to discuss the scope of the operation of the Rink and the willingness of the management company to modify the agreement to ensure compliance with tax exempt bond laws and the Debtor's financing agreements.

28.  Following these discussions, U&H prepared several drafts of a revised management agreement and discussed the proposed revisions with representation of the management company and the Debtor.

29.  U&H provided 4.75 hours of services to the Debtor with a value of approximately $2,000.00 related to the tax issues associated with the Debtor's management agreement.

## BANKRUPTCY EMPLOYMENT

30.  U&H provided 6.50 hours of service to the Debtor with a value of approximately $2,235.00 related to the Debtor's motion to retain U&H as its special counsel in this case. These services included the preparation of the required declaration of disinterestedness and a review of the Debtor's motion to employ U&H as special counsel.

4847-5129-5064.1

## SUMMARY OF SERVICES

31. The services provided to the Debtor by U&H are summarized as follows:

| CATEGORY | TASK CODE | HOURS | VALUE |
|---|---|---|---|
| A. Tax Exemption Application | B-240 | 49.75 | $20,443.75 |
| B. Management Agreement | B-210 | 4.75 | $2,000.00 |
| C. Bankruptcy Employment | B-160 | 6.50 | $2,235.00 |
| Total | | 61.00 | $24,678.75 |

32. Attached as Group Exhibit "B" are two itemized billing statements for the legal services rendered by U&H in chronological order. The billing statements reflect the legal services rendered, the time expended, the value of the services and a description of the work performed by the U&H professionals.

33. The time expended and services rendered by the individual U&H attorneys are summarized as follows:

| ATTORNEY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| R. Scott Alsterda | 1.00 | $465.00 | $465.00 |
| James Broeking | 3.50 | 425.00 | 1,487.50 |
| Patrick Hanlon | 19.75 | (405.00/425.00) | 8,303.75 |
| Floyd Perkins | 32.75 | 410.00 | 13,427.50 |
| Patrick Ross | 3.50 | 265.00 | 927.50 |
| Steve Pecha (Paralegal) | .50 | 135.00 | 67.50 |
| Total | 61.00 | | $24,678.75 |

34. Group Exhibit B also includes an itemized statement of the actual expenses incurred by U&H in connection with its representation of the Debtor. These expenses include PACER charges for on-line research in the amount of $28.40. NP understands that PACER charges are deemed to be overhead in many cases, and therefore not allowable as reimbursable expenses. Accordingly, NP is merely disclosing the charges that were incurred, but does not seek the allowance of those charges in this Application.

## THE RETAINER

35. Prior to the Petition Date, U&H had provided services to the Debtor and U&H was holding an unapplied retainer in the amount of $16,851.75 (the "Retainer") Debtor's Chapter 11 case was filed.

36. The Retainer was disclosed in the U&H engagement letter with Debtor which was attached to the Employment Motion.

37. NP is requesting authorization to apply the Retainer to the fees allowed in the Application as full and final payment for services rendered to the Debtor during its Chapter 11 case.

38. Mr. David Welch, Debtor's lead bankruptcy counsel in the Chapter 11 case, previously advised NP that the Debtor had no objection to NP's request to apply the Retainer to any fees allowed in this Application as full and final payment thereof.

39. Based on the nature, extent and value of services performed by U&H, the results achieved and the costs of comparable services, the compensation being sought by U&H is fair and reasonable

40. At all times during U&H's representation of the Debtor, U&H did not represent or hold any interest adverse to the Debtor or the estate with respect to the matters on which U&H was employed.

## PRAYER FOR RELIEF

WHEREFORE, NP requests that it be allowed reasonable compensation in the amount of $24,678.75 for legal services rendered to the Debtor in the case, and that it be authorized to apply the Retainer it is holding in the amount of $16,851.75 to the allowed fees as full and final payment of its allowed fees in this case.

4847-5129-5064.1

                Respectfully submitted,

Dated: December 19, 2017      NIXON PEABODY LLP AS SUCCESSOR TO
UNGARETTI & HARRIS LLP

/s/ R. Scott Alsterda
One of its attorneys

R. Scott Alsterda (# 3126771)
Floyd D. Perkins (#2173476)
Nixon Peabody LLP
70 West Madison Street, Suite 3500
Chicago, Illinois 60602
(312) 977-9203 (Tel.)
(312) 977-4405 (Fax)
Email: rsalsterda@nixonpeabody.com
       fdperkins@nixonpeabody.com

8

4847-5129-5064.1